## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| IN RE: | ) | |
| Shannon Chase | ) | Case No.: 19-10738 TJC |
| | ) | Chapter 13 |
| Debtor. | ) | |
| | ) | |
| _____ ) | | |
| | ) | |
| | ) | |
| Shannon Chase | ) | |
| 8521 Potomac Creek Road | ) | |
| Laurel, Maryland 20724 | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. # _____ |
| | ) | |
| Wilmington Savings Fund Society, FSB, | ) | |
| dba Christiana Trust as Owner Trustee | ) | |
| Of the Residential Credit Opportunities | ) | |
| Trust III, | ) | |
| 6003 Executive Blvd., Suite 101 | ) | |
| Rockville, Maryland 20852 | ) | |
| Defendant, | ) | |
| And | ) | |
| | ) | |
| American Mortgage Investment Partner | ) | |
| Management, LLC, | ) | |
| 6003 Executive Blvd., Suite 101 | ) | |
| Rockville, Maryland 20852 | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>COMPLAINT</u>

**COMES NOW** the debtor Shannon Chase, by and through undersigned counsel, files this Complaint for actual damages, statutory damages, attorney's fees and the costs of this action against defendant Wilmington Savings Fund Society, FSB, dba Christiana Trust as Owner Trustee of the Residential Credit Opportunities and American Mortgage Investment Partner Management, LLC for

1

violations of MD Code, Commercial Law, § 12-101, et. seq. and Title 13, Consumer Protection Act and MD Code, Commercial Law, § 13-101 et. seq. and states as follows:

1. The Debtor filed the instant voluntary petition under Chapter 13 of the Bankruptcy Code on January 18, 2019.

   **JURISDICTION**

2. The Court has jurisdiction over this pursuant to 28 U.S.C. §§ 1331, 1334, 1337 and 157(b)(2)(K). This is a core proceeding.

3. The Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

   **PARTIES**

4. Plaintiff/Debtor Shannon Chase is the owner of the real property described as 8521 Potomac Creek Rd., Laurel, Maryland 20724. (hereinafter the **"Property"**).

5. At all relevant times the plaintiff resided in the "Property" as her principle dwelling.

6. Defendant Wilmington Savings Fund Society, FSB, dba Christiana Trust as Owner Trustee of the Residential Credit Opportunities (hereinafter "Wilmington") is the purchaser of the mortgage note secured by the Plaintiff's Property.

7. Defendant American Mortgage Investment Partner Management, LLC is the servicing agent for the Defendant Wilmington.

   **FACTS**

   **Background Facts Concerning Repetitive Mortgage Financing**

8. On or about March 1, 2001, Russell Chase, Father of the Debtor/Plaintiff Shannon Chase, purchased the real property located at 8521 Potomac Creek Rd., Laurel, Maryland 20724.

9. On or about May 8, 2003, Russell Chase received a second mortgage in the amount of $10,615.13 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

10. On or about October 1, 2003, five (5) months later, with the assistance of Lashean Taylor of Citifinancial, Russell Chase refinanced the prior second mortgage in the amount of $15,321.91 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

11. On or about January 13, 2004, three (3) months later, with the assistance of Lashean Taylor of Citifinancial, Russell Chase refinanced the prior second mortgage in the amount of $20,634.37 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

12. On or about March 16, 2004, two (2) months later, with the assistance of Lashean Taylor of Citifinancial, Russell Chase refinanced the prior second mortgage in the amount of $31,736.13 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

13. On or about May 27, 2004, two (2) months later, with the assistance of Lashean Taylor of Citifinancial, Russell Chase refinanced the prior second mortgage in the amount of $40,396.29 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

14. On or about August 11, 2004, three (3) months later, with the assistance of Lashean Taylor of Citifinancial, Russell Chase refinanced the prior second mortgage in the amount of $46,543.03 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

3

15. On or about December 31, 2004, four (4) months later, with the assistance of Lashean Taylor of Citifinancial, Russell Chase refinanced the prior second mortgage in the amount of $64,891.84 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

**Specific Facts Concerning Fraud and Repetitive Mortgage Financing**

16. On or about May 5, 2005, Russell Chase and Plaintiff/Debtor Shannon Chase received a refinance loan in the amount of $315,000.00 from Fremont Investment & Loan Corporation. The loan satisfied all existing mortgage liens on the property.

17. The plaintiff approved of the loan and signed and executed all loan documentation.

18. The plaintiff/debtor moved away from the property establishing her residence in Atlanta, Georgia.   Russell Chase remained in the property and commenced to make all mortgage loan payments.

19. On or about September 21, 2005, four (4) months later, Russell Chase, with the assistance of Lashean Taylor of Citifinancial, obtained a second mortgage in the amount of $21,271.87 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

20. The September 21, 2005 second mortgage loan documents required the signature of the debtor.

21. The plaintiff/debtor was not notified of the refinancing and did not participate in the closing of the second mortgage. The plaintiff debtor did not sign or authorize her signature to be placed upon the mortgage loan documentation.

22. The defendant required the plaintiff to execute documents in the presence of a notary.  Lashean Taylor was identified as the notary on the document.

23. Upon information and belief, Lashean Taylor was not a licensed Notary in the State Maryland during the relevant period.

24. Plaintiff's alleges her signature was unlawfully notarized.

25. On or about December 1, 2005, two (2) months later, Russell Chase, with the assistance of Lashean Taylor of Citifinancial, obtained a second mortgage in the amount of $21,230.30 from Citifinancial, Inc.  The Citifinancial, Inc. collected fees and expenses in the transaction.

26. The December 1, 2005 second mortgage loan documents required the signature of the plaintiff/debtor.

27. The plaintiff/debtor was not notified of the refinancing and did not participate in the closing of the second mortgage. The plaintiff debtor did not sign or authorize her signature to be placed upon the mortgage loan documentation.

28. Upon information and belief, on December 1, 2005, the plaintiff's signature was unlawfully affixed to the loan documents without her authority or consent.

29. The defendant required the plaintiff to execute documents in the presence of a notary.  Lashean Taylor was identified as the notary on the document.

30. Upon information and belief, Lashean Taylor was not a licensed Notary in the State Maryland during the relevant period.

31. The defendant required the plaintiff to execute documents in the presence of a notary.  Lashean Taylor was identified as the notary on the document.

32. Upon information and belief, Lashean Taylor was not a licensed Notary in the State Maryland during the relevant period.

33. Plaintiff's alleges her signature was unlawfully notarized.

34. On or about April 5, 2006, four (4) months later, Russell Chase, with the assistance of Lashean Taylor of Citifinancial, obtained a second mortgage in the amount of $44,075.81 from Citifinancial, Inc. The Citifinancial, Inc. collected fees and expenses in the transaction.

35. The April 5, 2006 second mortgage loan documents required the signature of the plaintiff/debtor.

36. The plaintiff/debtor was not notified of the refinancing and did not participate in the closing of the second mortgage. The plaintiff debtor did not sign or authorize her signature to be placed upon the mortgage loan documentation.

37. Upon information and belief, on April 5, 2006, the plaintiff's signature was unlawfully affixed to the loan documents without her authority or consent.

38. The defendant required the plaintiff to execute documents in the presence of a notary. Lashean Taylor was identified as the notary on the document.

39. Upon information and belief, Lashean Taylor was not a licensed Notary in the State Maryland during the relevant period.

40. Plaintiff's alleges her signature was unlawfully notarized.

41. On or about April 5, 2007, Russell Chase, with the assistance of Lashean Taylor of Citifinancial, obtained a refinance mortgage in the amount of $394,329.77 from Citifinancial, Inc. The Citifinancial, Inc. collected fees and expenses in the transaction.

42. The loan satisfied all existing mortgage liens on the property.

43. The April 5, 2007 second mortgage loan documents required the signature of the plaintiff/debtor.

44. The plaintiff/debtor was not notified of the refinancing and did not participate in the closing of the refinance mortgage. The plaintiff debtor did not sign or authorize her signature to be placed upon the mortgage loan documentation.

45. Upon information and belief, on April 5, 2007, the plaintiff's signature was unlawfully affixed to the loan documents without her authority or consent.

46. The defendant required the plaintiff to execute documents in the presence of a notary.  Lashean Taylor was identified as the notary on the document.

47. Upon information and belief, Lashean Taylor was not a licensed Notary in the State Maryland during the relevant period.

48. Plaintiff's alleges her signature was unlawfully notarized.

## COUNT I

**Declaration and Injunction For Determination of Rights under Mortgage Notes and Deed of Trusts entered Between the Defendant and Russell Chase**

49. Debtor/Plaintiff incorporate by reference the allegations of all the paragraphs above.

50. Plaintiff state a case of actual controversy exists pursuant to the Federal Declaratory Judgment Act. 28 U.S.C. § 2201 (2007).

51. That plaintiff/debtor did not sign, authorize or execute the following mortgage notes and associated Deed of Trusts:

    a.  September 21, 2005       $21,271.87

    b.  December 1, 2005        $21,230.30

    c.  April 5, 2006           $44,075.81

    d.  April 5, 2007           $394,329.77

52. That Defendant forged the mortgage notes and Deed of Trusts to the real property owned by the plaintiff;

53. That any Mortgage Note entered by the defendant without the approval and executed signature of the plaintiff is void ab initio;

54. That any Deed of Trust recorded by Defendant as result of the purported forged Mortgage Notes is void ab initio;

55. Debtor/Plaintiff request declaratory and injunctive relief as follows:

   a. A declaration that plaintiff did not enter mortgage agreements or otherwise encumber her real property with mortgage notes entered between defendant and defendant Russell Chase.

   b. A declaration that the Doctrine of Equitable Subrogation provides the defendant with an Equitable Lien as to be determined by the Court.

**WHEREFORE**, Plaintiff ask the Court for the following relief and seek judgment against defendants as follows:

a. Take any and all other appropriate steps to protect the rights of the plaintiff as alleged herein;
b. Enter an Order declaring that any Deed of Trust recorded reflecting a secured interest in the forged Notes and Deed of Trust is void;
c. Award declaratory and/or injunctive relief as pleaded herein;
d. Award costs of suit, pre-judgment and post-judgment interest and attorney's fees,
e. Award such other relief in law or in equity as this Court deems just and proper.

## COUNT II-VIOLATION OF CONSUMER PROTECTION ACT, MD CODE, COMMERCIAL LAW, § 13-101, et. seq.

56. The plaintiff incorporates by reference the allegations set forth in the Complaint as if fully set forth herein.

57. At all times relevant, plaintiff is a consumer as defined by Md. Code, Commercial Law, § 13-301(c)(1).

58. At all times relevant, defendant is a merchant as defined by Md. Code, Commercial Law, § 13-301(g)(1).

59. At all relevant times, the transaction is a consumer credit transaction as defined by Md. Code, Commercial Law, § 13-301(d)(1).

60. In the course of this consumer credit transaction, the defendant violated Md. Code, Commercial Law, § 13-303:

    a. By engaging in an unfair and deceptive trade practice in violation of Md. Code, Commercial Law, § 13-301, by misrepresenting terms of the mortgage loan.

    b. By engaging in an unfair and deceptive trade practice in violation of Md. Code, Commercial Law, § 13-301, by fraudulently procuring the mortgage loan.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully prays that this Court:

1. Award actual damages to be established at trial;

2. Award statutory damages;

3. Award plaintiff costs and reasonable attorney's fees;

4. Award such other relief as the court deems appropriate.

**COUNT III NEGLIGENCE.**

61. Plaintiff incorporates all paragraphs and statements in this complaint and alleges the following;

62. That Defendant wrongfully and negligently failed to follow its policy and procedures utilized to prevent the fraud and forgery complained of herein and became complicit to the fraud of its employee;

9

63. That as a mortgage lender defendant had a duty to exercise reasonable care in the performance of its underwriting practices according to standards in the lending industry;

64. That defendant possessed actual knowledge or should have known of the aforesaid tortious and wrongful conduct of the employee Lashean Taylor;

65. That defendant breached the duty to exercise reasonable care when it failed to employ its policies and procedures to detect fraud against the plaintiff and allowed the employee Lashean Taylor to commit wrongful and tortuous conduct in the commission of forgery by failing to adhere to underwriting standards established to prevent fraud;

66. That the defendants are liable for the negligence of Citifinancial due to their assignment of the mortgage note to them;

67. Defendants' failure to follow its policies and procedures in underwriting the mortgage loan proximately caused the plaintiff to incur loss through fees and expenses; suffer loss of the equity in her home and has subjected her to embarrassment, economic harm and great mental anguish of the tortious conduct, the plaintiff has suffered sever economic injury, including compensatory, actual and punitive damages.

**WHEREFORE**, Plaintiff states, as a direct and proximate result of defendants conduct, plaintiff requests :

a. Judgment in favor of the plaintiff in an amount not less than $500,000.00;

b. Actual damages;

c. Compensatory damages ;

d. Punitive Damages;

e. Cost and Reasonable attorney fees; and

      f.  For such other relief as this Court deems necessary and proper.

## COUNT IV FRAUD

68. Plaintiff incorporates all paragraphs and statements in this complaint and alleges the following;

69. As part of its scheme to defraud the plaintiff/debtor, Defendants engaged in actions and made representations which it knew or should have known were false and fraudulent with the express purpose of making the plaintiff debtor liable under mortgage notes signed by the co-debtor Russell Chase;

70. That Defendant wrongfully entered mortgage notes and filed Deeds of Trust with Russell Chase containing forged signatures from the plaintiff.

71. That defendant forged the following Notes and Deeds of Trust:

      a.  September 21, 2005     $21,271.87

      b.  December 1, 2005      $21,230.30

      c.  April 5, 2006          $44,075.81

      d.  April 5, 2007          $394,329.77

72. Defendant used an unlicensed notary to further the fraudulent scheme.

73. Defendant's activities false, fraudulent and engaged in a wanton disregard for the truth.

74. As a result of the Defendant's fraudulent activities the plaintiff suffered damages in excess of $10,000.00.

**WHEREFORE**, Plaintiff states, as a direct and proximate result of defendants conduct, plaintiff requests :

      a.  Judgment in favor of the plaintiff in an amount not less than $500,000.00;

    b.  Actual damages;

    c.  Compensatory damages ;

    d.  Punitive Damages;

    e.  Cost and Reasonable attorney fees; and

    f.  For such other relief as this Court deems necessary and proper.

March 10, 2020

**_/s/ William C. Johnson, Jr._**
The Johnson Group, LLC
William C. Johnson, Jr., Esq.
Fed. Bar No. 15651
6305 Ivy Lane
Suite 630
Greenbelt, Maryland
(202) 525-2958